IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN CLAIBORNE,

      Petitioner,                    No. CIV S-06-0596 FCD DAD P

   vs.

TOM L. CAREY, Warden, et al.,

      Respondents.            ORDER

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 4, 2009, the previously assigned District Judge issued an order that denied the petition for writ of habeas corpus on the merits. Petitioner filed a notice of appeal on November 10, 2009. This Court did not grant or deny a certificate of appealability, because prisoners challenging parole decisions via habeas corpus were not required at that time to obtain said certificates pursuant to governing circuit court precedent. See White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004); Rosas v. Nielsen, 428 F.3d 1229, 1231-32 (9th Cir. 2005).

      On April 22, 2010, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc). In Hayward, the Ninth Circuit overruled White and Rosas and held, inter alia, that prisoners are required to obtain a certificate of appealability to

1

1  review the denial of a habeas petition challenging an administrative decision such as the denial
2  of parole by the parole board.  <u>Id</u>. at 554.  Pursuant to its en banc decision in <u>Hayward</u>, on July
3  30, 2010, the Ninth Circuit remanded this case for the limited purpose of granting or denying a
4  certificate of appealability.

5        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
6  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
7  § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues
8  satisfy the required showing or must state the reasons why such a certificate should not issue.
9  Fed. R. App. P. 22(b).

10        "The standard for a certificate of appealability is lenient."  <u>Hayward</u>, 603 F.3d at
11  553.  A petitioner need only "show that reasonable jurists could debate the district court's
12  resolution or that the issues are adequate to deserve encouragement to proceed further."  <u>Id.</u>
13  (internal quotations omitted).  <u>See</u> <u>also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003);
14  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983); <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th
15  Cir. 2002).[1]

16        For the reasons set forth in the magistrate judge's October 1, 2009 findings and
17  recommendations, petitioner has not made a substantial showing of the denial of a constitutional
18  right.  Accordingly, a certificate of appealability should not issue in this action.

19        IT IS SO ORDERED.
20  DATED: September 28, 2010.

                        FRANK C. DAMRELL, JR.
                        UNITED STATES DISTRICT JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir. 2002) .

2